Good to have you, Mr. Finarelli. When you're ready. May it please the court. My name is Joe Finarelli from the North Carolina Attorney General's Office. I'd like to reserve five minutes for rebuttal. The district court found the plaintiff to be a prevailing party entitled to fees and costs for obtaining a subsequently vacated judgment in his favor against the North Carolina Attorney General, the and a single district attorney. In doing so, Judge Boyle misread the applicability of the Supreme Court's decision in Buckhannon, ignored this court's decision in S one and S two and therefore committed error. As the court is familiar, Boyle ruled that this statute was unconstitutional. He did your honor and entered a judgment. He did your honor. That judgment was adverse to your clients. It was. And there was a notice of appeal filed. Correct. And after the notice of appeal was filed, the legislature decided to get into it and adopted a statute. That is correct. And amended the tried to fix the deck and did fix, I guess the defect, the constitutional defect that Judge Boyle identified. It attempted to do so. Yes, your honor. Uh, so how long was that judgment Bible? Uh, well, it was viable, frankly, until the this court vacated it during the pendency of the appeal. I don't know how long it was Bible. But time it was entered into a judgment was entered in May. I believe the court vacated it in July of what year? The same year. 2020 2020 or three months. May 2020. Correct. Until we had not. I'm sorry. You're right until until November of 2020. So it was July or August of 2020. We had not even begun the briefing yet. At the time, this court vacated the it was vacated in July 2020. I don't recall whether it was July or August. It was around that time frame. You're on. Yes. Okay, then go ahead. So under the American rule, as this court is familiar, parties generally bear their own fees and costs. Section 1988 of 42 U. S. C. Does allow a prevailing party to recover fees and costs in contradiction of the American rule. But the the term prevailing party has been established by the Supreme Court as a term of art. And there's language that the court is used in both for RV hobby and reiterated again in the Buck Hannon case that requires an enforceable judgment. The for our case discusses it this way. A plaintiff prevails when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff. It goes on definition. I don't understand why that's not what happened here. Let me just finish. There was a judgment on the merits, and the district court found, as a matter of fact, that because of that judgment, the Legislature changed the law to the benefit of the plaintiff. So what's the problem? Well, the for our case goes on to discuss that the material no material alteration of the legal relationship between the parties occurs until the plaintiff becomes entitled to and because of this court's opinion, the on bonk opinion in s one and s two, that judgment never became truly enforceable. I know this case was the rate. Zuden case came down while this case was being litigated. But it seems to me we have quite recently addressed a very similar situation, and we held that even in the absence of an enforceable judgment, a plaintiff is a prevailing party. If you get a court ruling in your favor on the challenge, conduct ceases as a result of that ruling. So why is that not this case? It's not this case because it did not involve the vacator of the judgment challenge. Conduct ceased the channels of the challenge. Conduct did cease. The plaintiff had filed a lawsuit. The court ruling the Yes, the Legislature did act in response to the district court's This is simply the facts of and what distinguishes this case from the Ray is even case is Ray is even had a an enforceable judgment. That was a zero dollar judgment. The whole problem in that case. The reason that was a tricky case is because she didn't have an enforceable judgment. She had a judgment for zero dollars. The entire premise was she that judgment by itself does not satisfy the prevailing party requirements. As we read the way opinion. And I know your honor was one of the three panel members, along with Judge Thacker. I mean, if that if the zero dollar judgment by itself had been sufficient, we wouldn't have had a case. Well, except that the different facts in the Ray is even case was there was a jury verdict that found that there was discrimination. And because of that jury verdict, the plaintiff would have been entitled to some sort of injunctive relief. There was then that got mooted out. It got mooted out because the defendant volunt the defendant complied with the jury verdict. And I just I don't see how that's not the same here. Well, again, I think there's two primary distinguishing characteristics. One, the judgment, albeit a zero dollar judgment, was still a judgment that would have entitled plaintiff to some kind of injunctive relief. That judgment was never challenged title. The plaintiff to injunctive relief it entitled the plaintiff to zero dollars. There had not been any finding about an entitlement to injunctive relief. Well, you're right. There was no final judgment on the injunctive relief. One never happened because it got mooted out when the defendant changed its conduct in response to the judgment. Well, the opinion, this court's opinion doesn't discuss mootness, and it certainly doesn't discuss vacator either. I mean, I realize that's something of a technical argument, but the vacator of the judgment in this case is the other materially distinguishing factor between this and the Ray Azudin case. The fact that S one and S two says a vacated judgment, which did not happen in Ray Azudin. It was not vacated by this court on the grounds of mootness that the injunctive relief just wasn't issued by the court. The court declined. The district court declined to grant the injunctive relief because it found when it was when the parties were arguing the injunctive relief after the successful jury verdict, it found that the county's provided the relief that it would have awarded or could have awarded and that that was the reasonable accommodation that deprived the plaintiff of an entitlement to injunctive relief at that point. But the plaintiff still had her favorable judgment in the form of she had been discriminated against. Yes, there was also a $0 judgment for emotional distress, but that was not the that was that distinguishes this that case from this one. Here there was an enforceable judgment up until the time this court vacated and the effect of that vacator is based on S one and S two. It invalidates the judgment and renders it unenforceable. And if the Supreme Court precedent and this court's precedent is, you need to have a consent decree, a settlement agreement or an enforceable judgment. Mr. Grubar Zek and the class have none of those things. I think the other distinction to draw here is that, uh, and I realized that this question goes somewhat towards the amount of the fees that could be awarded. But if you look at what the plaintiff received in the basis here because the underlying claims were based on a statutory scheme that had since been amended by the district court. And the plaintiff in this case sought to challenge the constitutionality of the new system amended by the Legislature. The Legislature was admitted by the Legislature, not the district court, right? You're right. I understood your honor's question to be. Why did the court? I know your answer said the court amended the statutory scheme. I was I'm sorry. I misspoke. The Legislature amended the statutory scheme, but but at the minute it because of the judicial ruling of unconstitutionality. We do not dispute that. You're on. That's what Judge Boyle found correct after the entry of judgment. Yes, he mooted the case, finding that the underlying claims that had been litigated under the old scheme were rendered moot by the legislative enactment and denied the plaintiff's motion to amend the complaint and allowed him to refile. Yes, that's right. Then I guess it follows that a party who wins a 1983 judgment against state officials at least will never get fees under 1988 because the state defendant can just litigate the case. If the district court agrees with the plaintiff, go ahead and make the change. No fees. No, I disagree, Your Honor. Respectfully, the get these what she said is exactly right. Well, you're going to cut this thing. I think then it does depend on this. I'm sorry, Your Honor. We agree with you. We're gonna undermine the whole system. Well, I don't believe you would, Your Honor. Even the Supreme Court in the Buchanan case rejected the same equitable arguments, the gaming the system or deterring civil rights attorneys from bringing this sort of litigation, and it rejected it in the context of the catalyst theory argument, which is essentially what is they're asking to be done here. What the plaintiff is asking to be done is I don't have an enforcement. Can you just tell me the hypothetical circumstance under which there might be fees? Why am I wrong that the in every case litigate the case? If it loses, file a notice of appeal and then change your conduct. Well, I think the first distinction I think the narrower distinction is the defendants in this case, albeit sued under 1983 for purposes of 11th Amendment immunity in their official capacity are not the state. The state does not. These defendants did not amend the legislation that or create the legislation. But it's the state who has to pay the fees. So let's just say I mean, I don't think that really answers my concern that in any case like this, the state could litigate fiercely in district court. And then if it loses, file a notice of appeal. And then the next day, the legislature can change the statute. So now there are no fees except I would answer that by saying, Your judgment. If it senses, and this is the catalyst theory problem that the Supreme Court rejected in Buchanan, you can take it all the way up to the courthouse steps, correct the deficiency, and there the plaintiff doesn't recover here in the scenario you're describing. The plaintiff has obtained the judgment, but then it's mooted because it's pretty bad already. So let's just go all the way. No, that's not what I'm saying. You're right. What I'm saying is, although it's an equitable system, it's not a guarantee that anyone is entitled to fees. There's no guarantee because you may obtain a zero dollar judgment, even if you've vindicated the amount, the wrongfulness of the condo. You may not recover fees because the state or the defendant capitulates the moment before the district court issues the order. You may not but this court vacates the appeal and the effect of that, I'm sorry, vacates the judgment, and the vacator of that judgment then essentially deprives the plaintiff of an enforceable judgment under the legislation. I realized that S1 was centrally concerned, at least the panel dissent, which is then incorporated into the en banc, very concerned with the idea that you would be depriving the defendant's state in that case of its opportunity to vindicate its reading of the statute on the merits in its appeal. And so I'm wondering why that concern would apply in a case where the state legislature just says, we don't want an appeal. Forget it. We lost. We're just going to change the statute. It's obviously unconstitutional. There's no interest left to be vindicated here on appeal. So I don't, it strikes me that S1 is a very different kind of case because in that case, you had the state trying to appeal on the merits when the city kind of mooted out the case. But here, the state forewent an appeal. It just said, whatever. There's a judgment against us. We'll comply. The issues that I believe would have been raised in the appeal, and again, we did not get to the actual briefing, but the issues that would have been raised in the appeal would have addressed the suitability of these named defendants as they were challenging the constitutional ruling. Well, we hadn't briefed anything on the due process. I mean, I suspect the Attorney General advised the legislature, you're dead wrong on the way you've gone with the statutes. You've got to fix it. I don't know of the communications. Then we'll try to undermine this fee award. I'm sorry, undermine what, Your Honor? Undermine the fee issue. But definitely, you knew that you were wrong on the statutory point that where no process was decided and everything, that was the end of it. You'd rather challenge the only 11th Amendment, which doesn't apply. Well, I'm not conceding that we would have not argued the merits. How could we have argued the merits? The legislature already changed the law. What would that appeal have looked like? Well, at the time we noticed the appeal, there was no legislative. No, I know. And at the time you noticed the appeal, you did not notice any intent to appeal on the merits. But what I'm getting at is a slightly different question, which is, I don't understand how the Attorney General or these ex parte young defendants have some interest in the validity of this law that remains to be vindicated on appeal here, given that the state legislature has abandoned the law. Well, in part because the plaintiff had identified his intent to sue under the new legislation and has sued the same individual defendants and added, I think, at least one other that were sued in the instant case. So there was an interest in identifying, of course, which was mooted by virtue of the legislative enactment and the vacator by this court of the appeal or the judgment and the dismissal of the appeal. There was still an interest in identifying whether these defendants were the proper party for any subsequent lawsuit, which has come to pass and been filed. So you're not alleging, and I think I'm not being clear with my questions. So in S-1, the dissenting opinion is deeply concerned with the idea that the state in that case would like to appeal and vindicate its understanding that it never did anything wrong. Its reading of the statute was the correct reading. And you are not arguing that there's any interest like that to be vindicated on appeal in this case. The interest that you point to is about who is a proper defendant and who is not. But it's not as though these ex parte young defendants have some interest in the validity of a statute that has already been changed by the legislature, right? Well, true, but nobody had an interest in the validity of the statute that passed. That's sort of my point. There's no interest left to be vindicated on appeal here. So we don't need to worry the way the court worried or the dissent worried in S-1, that if we allow someone to be a prevailing party, even when the case moots out on appeal, we are depriving the state of its chance to vindicate its interest on the merits on appeal. That concern is not present in this case. I agree that that concern is not immediately present, but I would point out in the short time that I have left, that is not the only justification of the S-1, S-2 en banc court as to why or what its holdings were and why it was concerned with the result. I'd like, since I have just two minutes remaining, I'd like to reserve the remaining time for my rebuttal. You have some time for rebuttal. Thank you. Mr. Dubelling? Dubelling, your honor. Yes, sir. I'm sorry. I butchered a lot of names in my time here. I apologize to you profusely. I do that. Absolutely fine, your honor. Thank you. Go right ahead, sir. May it please the court. My name is Paul Dubelling. I'm the attorney for the plaintiffs below, and of course, I represent the appellees here. Before I begin my argument, I'd just like to correct a factual assertion in the record. The briefing of respondents indicates that Mr. Gabarsik remains on the registry. That is not true. As a matter of public record, in light of the new legislation, Mr. Gabarsik was finally given a hearing on the question of whether he should be required to register as a sex offender. In that hearing, the Superior Court Judge of North Carolina found that he had been improperly registered and subject to an improper deprivation of liberty for 15 years. Mr. Gabarsik is no longer on the registry as a direct result of this lawsuit. I would also like to bring to the court's attention a legal change. As I understand it, check in the record before coming in. In Riyazuddin, there was a petition for cert filed. That petition was denied, I believe, in late October, leaving Riyazuddin as the unchallenged precedent of this court. Your Honor, Mr. Gabarsik won. He won absolutely and totally. He went to court. He proved that the state was acting in violation of the due process clause of the United States Constitution. He asked for declaratory relief to that fact. Okay, and then all of that was vacated. So how do you distinguish this case from S-1? The holding in S-1 and S-2 was precisely that when a case is mooted prudentially, you cannot become a prevailing party by virtue of post-dismissal events. What happened in S-1 and S-2, as this court is aware, is the case was reached a settlement agreement and the court said for prudential reasons, we're going to go ahead and move this out and vacated the case. There was no judgment in effect. And the facts of S-1 and S-2 are that the court, the change was made because the Department of Education threatened to remove funding from the state if it didn't change this policy. So as a matter of fact, there was no judgment at the time that the state took the remedial action. And as a matter of fact, it did not take the action in response to the litigation. Quite the contrary, it continued to fight the litigation and only capitulated when the federal government said, hey, regardless of what the court says, we're going to cut your education funding if you don't come on board. And what the dissent said and ultimately what the en banc opinion said was that causal connection, that idea that this litigation somehow set the ball rolling in a way that ultimately caused the federal government to get involved, to threaten to withhold funding, which caused the state to capitulate in the absence of any judgment at the time it capitulated, is simply insufficient to award a fees under 1988, Your Honor. So in this case, Mr. Babarczyk won completely. He asked for declaratory relief. He asked for injunctive relief. And that's what the court gave him. As this court knows, that order was final. It was final because it was appealable. It had to be final for the notice of appeal to be filed. Exactly, Your Honor. And so as it's unchallenged in this court, this is a 1983 action. This is how 1983 actions work. The individual defendants are stand-ins for the state. This is a lawsuit against the state of North Carolina. And what it decided to do, looking at this judgment, is say, we're not going to pursue this appeal. We're just not going to do it. And so they changed the law. And then when they changed the law and finally gave Mr. Babarczyk the hearing, he won. So no matter which way you look at it, at the time, if you look at what the district court gave him, if you look at the ultimate outcome for Mr. Babarczyk, he won this case. And however we formulate it, there are a bunch of cases you can pick and pull, you can pull all this. But at the end of the day, a prevailing party is someone who wins. A prevailing party is someone who obtains a judicial pronouncement on the merits of their case, which results in defendants remediating the action, modifies the behavior of the defendants in a way that benefits the plaintiff. Mr. Babarczyk won a judgment on the merits of his case. He won it absolutely and completely. He won everything he asked for. The state here doesn't challenge as a direct result of that ruling. They changed the law to give him due process. You say they don't challenge that at all? They said here in argument today, they do not challenge. And the district court found that? Yes, your honor. As a fact, was he entitled to find that as a fact, the district court? I'm sorry, your honor? Was the district court entitled to find as a fact that the change of the law, the act of the legislature, was because of the judicial ruling? Was he entitled to find that? Is that a finding of fact of the district court that's therefore entitled to deference on appeal here today? Yes, your honor. And I believe as it is, because this court in Riazudin specifically contemplated whether or not it should be sent back for that finding. When you read the Riazudin opinion or perhaps look at the docket entries, one of the issues in that case was whether or not the court should just rule or whether it should send it back to the district court for that finding. Implicit in that is this court's understanding that that finding of fact, if it is important to the ruling. The district court found that fact. And was the record sufficiently developed for him to be entitled to do that? Yes, your honor. You're saying it was? Yes, sir. They haven't challenged it. One, they don't dispute that here. Two, in the district court. They haven't disputed it on appeal. And they haven't disputed today anything about the fees and costs. Correct, your honor. That hasn't been argued. The amount. Not so far, your honor. It might be in their brief. I'm sure it is in their brief. It is. Primarily. Isn't reference to the federal court order contained in the legislative history of the House bill that changed the law itself? Yes, your honor. In fact, the bill is 2020 North Carolina Session Law 83. Section 11C, I believe, specifically creates a process for the members of the Grabarsek class. The reason it's not fairly in dispute is the legislature actually said, and with regard to the plaintiffs in Grabarsek, we are giving them this process. It's just not a fairly disputable fact that the causal relationship between the judgment and the legislative act exists. Counselor, can I ask you a question? It's more of a thought. Tell me if I'm right or wrong. So it seems to me that the position you're taking today, and as I understand it, it's that he won a judgment and then that judgment caused the defendant to change conduct in a way that was favorable to the plaintiff. That's what makes him a prevailing party. That actually seems like a narrower theory than some of our sister circuits have adopted. In some of our sister circuits, it seems like the rule is more generally, look, if you ever get a judgment in your favor, period, you're a prevailing party. We don't care if it moots out. And if it moots out, we don't care why. We don't care if it was because of a legislative change that gave you what you were looking for or not. Like it could be someone died, stuff happens. We don't care. Once a prevailing party, always a prevailing party. Your argument seems narrower than that because it actually turns on the fact that the reason this case mooted out is that the state decided to forego an appeal and give the plaintiff class what they were asking for. Does that seem right to you, that there's actually even a broader theory under here under which you could prevail, but you're not arguing that one? Yes, Your Honor. In fact, the many circuits, three that I have at hand, Young v. City of Chicago in the Seventh Circuit, Dolan v. Board of Education for Denver in the Tenth, Doe v. Marshall in the Fifth, in each circuit that has looked at that, besides the Fourth, and I'll discuss that in a minute, they've said winning a preliminary injunction, which is later dissolved and mooted because of subsequent remedial action, would entitle you to prevailing party status. The D.C. Circuit, in the National Black Policeman's Association v. D.C. Board of Elections, specifically found that where an injunction was entered which was mooted by a legislative change which caused the appellate court to vacate it, to vacate the injunction, entitled them to relief. Without a finding in that case of causation. They just said, you know, a legislative change that moots it, that's remedial action by the defendants. You win. This circuit in the, I'm not sure how to pronounce it, Smyther-Smith, S-M-Y-T-H, did not follow the sister circuits with regard to preliminary injunctions with that, right? This circuit said, look, if you win a preliminary injunction and then the defendant moots the case, you're not a prevailing party. But the reason it did that is telling. It said specifically the only reason you're not a prevailing party is because a preliminary injunction doesn't involve a pure, a full hearing on the merits, right? They contrasted a preliminary injunction where there's not a full hearing to a situation where you have a full hearing. So in the majority of circuits, yes, you can be a prevailing party in more ways than you can be the fourth circuit. But in every circuit, when you win a judgment that results in the defendant's behavior changing to the benefit of your client, you're a prevailing party under Section 1983 and therefore entitled to fees under Section 1988 because that's the definition of winning. Yes. Frankly, Your Honor, absent questions, I don't have much more to say here. My client won. However you look at it, he got all the relief that he was entitled to. And this is exactly what 1988 is for. I guess I would end by noting that this is precisely the reason there are 1988 fees. There's an absolute and clear constitutional violation. Mr. Grabarczyk is subject to a deprivation of liberty in violation of his constitutional rights. He brings litigation that he can't individually afford to vindicate that right. He wins. He gets the due process. He is no longer subject to the deprivation of liberty. Mr. Grabarczyk's personal story highlights not only the importance of this litigation, but the importance of access to the courts. 1983 works. And as this court made clear in all of the cases, the purpose of awarding fees is to enable plaintiffs to bring valid constitutional challenges to state action, which is why the judicial determination of the merits of the case is the touchstone for the award of fees. Pending questions, I have nothing further, Your Honor. Thank you so very much. Thank you. Appreciate it. Mr. Vitarelli? Yes, Your Honor. I realized the mistake that I had made with the timing before. I appreciate the opportunity to make a very brief rebuttal. First of all... You have three minutes. I'll give you three minutes. Thank you, Your Honor. First of all, there was an enforceable judgment, a summary judgment order in the S-1 and S-2 case. It did exist. It was settled by one of the defendants while the case was pending on appeal. But there was at one time, just like now, an enforceable summary judgment order that was vacated on appeal. I think the second and last point that I'd make is nothing about a decision by this court today, reversing the district court and denying Mr. Grabarczyk and his attorney fees, discourages folks from bringing 1983 actions. They are brought whether they can recover fees or not. They are brought whether the state capitulates, as the panel seems to consider what happened here. If the state capitulates... That's what the district court found. Well, the legislature... Do you challenge that finding? No, the legislature... The district court found that. We do not dispute that the legislature enacted legislation in response to the district court's decision. It would be impossible for us to do so given the text of the legislation itself. What we have argued is that the legislature is not the defendants in this case. The defendants have changed no conduct. The state, the legislator, a separate executive branch, a separate branch of government, what you have as the individual defendants in this case are two executive officials and one judicial branch official. The judicial branch official is less connected to the legislature than even the executive branch because the plaintiff's argument in the briefing was, well, the attorney general represents the state when there's a challenge to a legislative statute or they have to report to the legislature activity in those cases where state laws are challenged. Counsel, can I say, this is where I get hung up in your argument. I understand that the defendants here are not the state legislature itself and that we could say maybe that the legislative action isn't exactly attributable to the defendants in this case as we do in the vacature cases. But the reason the legislature did this is because the plaintiff won an injunction against the defendants who would have been required to take them off the registry unless the legislature changed what it did, changed the law. So I guess, I'm still not, it was the judgment against the defendants that caused the legislature to do what it did. So why does it matter that they are separate in some kind of fictional sense? Because we all know this is really just a suit against the state. It matters, and I realize my time is running out. So you go ahead and answer your question. And then the others you get. Thank you. The distinction, Your Honor, is that the defendants here were pursuing the appeal. The district court's enforcement of the order had been stayed at the time. There was no obligation on the General Assembly's part in North Carolina to act the way it did. It chose to do that. It chose to enact the legislation that provided process that, again, plaintiffs have continued to challenge is inadequate. The fact that Mr. Grabarczyk, under what he claims to be inadequate process, was removed from the registry as he has originally sought in this lawsuit does not mean that he won, does not mean that the class is removed from the registry or that the class of offenders have been provided due process. That's the exact opposite of the argument he made at the district court when he wanted to amend his complaint. He hasn't won. He simply transferred the complaint about the old system to a complaint about the new system. And the defendants in this case had no role. And plaintiffs cite none in the record to what the legislature did. I understand the court has been concerned about the effect of or the essential effect of what the legislature did. But the vacator cases and the mootness cases that we cite in the brief say that those actions should not be imputed to the executive officials. But we're not imputed. I mean, I guess, and I'm sorry. I know you're over time. But I don't think your colleague is trying to impute the action to the defendants. He's trying to impute the action to the judgment, right? It's because of the judgment against the defendants that the legislature changed what it was doing. No one's trying to impute anything to the defendants. And that's what Judge Boyle says in his ruling, in writing. Again, you don't challenge that. There's no question that what the legislature did was in response. After the entry of summary judgment and because of the judicial ruling, the legislature made a change. We do not dispute. So the legislature changed the law after the summary judgment because of the judicial ruling. Those are the facts of the case. Correct. Unchallenged. Except that the case law from the Supreme Court on what constitutes a prevailing party talks about a material alteration of the defendant's conduct. It doesn't talk about a material change in the relationship of other entities that are affiliated with the state or are the state in the section 1983 official capacity context. It says it has to materially alter the relationship between those defendants and the plaintiff. And again, I'm not here arguing that the legislation was not in response to the district court's order. I couldn't do that credibly and come back to this court with a straight face. But the effect of the vacator of the judgment, when this court vacated the district court's summary judgment order, it rendered it unenforceable for purposes of section 1983 and attorney fee prevailing party status. And with that, unless there are other questions, I will graciously sit down. We've been very generous with our time with you. But we very much appreciate the arguments of counsel. And we will take this case under advisement and resolve it as soon as we can. The court will therefore adjourn, Madam Clerk, until tomorrow morning. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: Robert B. King, Stephanie D. Thacker, Pamela A. Harris